1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA MCGUINNESS, Esq. (SBN 159420)
2  CATHERINE M. CABALO, Esq. (SBN 248198)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  510/832-5001
   Facsimile:  510/832-4787
5  reinlawoffice@aol.com

6  Attorneys for Plaintiff
   JEFF STIVERS
7

8                  UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA

10

11  JEFF STIVERS,                    CASE NO.
                                     Civil Rights
12        Plaintiff,
                                     COMPLAINT FOR PRELIMINARY AND
13  v.                               PERMANENT INJUNCTIVE RELIEF AND
                                     DAMAGES: DENIAL OF CIVIL RIGHTS
14                                   AND ACCESS TO PUBLIC FACILITIES TO
                                     PHYSICALLY DISABLED PERSONS,  PER
15                                   FEDERAL AND CALIFORNIA STATUTES
    MAJOR CONCEPTS, INC. dba         (including CIVIL CODE §§ 51, 52, 54, 54.1,
16  SIZZLER; RICHARD MOYER;          54.3, and § 55; and HEALTH & SAFETY
    MARY MOYER; SIZZLER              CODE §§ 19953 *et seq.*); INJUNCTIVE
17  USA, INC.; and DOES 1-10,        RELIEF PER TITLE III, AMERICANS
    Inclusive,                       WITH DISABILITIES ACT OF 1990
18                                   (including 42 USC §§ 12181 *et seq.*)
          Defendants.
19  _____/       DEMAND FOR JURY TRIAL

20

21        Plaintiff JEFF STIVERS complains of defendants MAJOR

22  CONCEPTS, INC. dba SIZZLER; RICHARD MOYER; MARY MOYER;

23  SIZZLER USA, INC.; and DOES 1-10, Inclusive, and each of them, and alleges

24  as follows:

25        1.  **INTRODUCTION:**  This case involves the denial of accessible public

26  facilities, including interior paths of travel, public restrooms, service counters,

27  seating areas, parking and related facilities, to plaintiff and other disabled persons

28  at the Sizzler Restaurant, 1501 Trancas Street, Napa, California.  Plaintiff Jeff

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1   Stivers is a "person with a disability" or "physically handicapped person," due to

2   two lower limb amputations.  Plaintiff  requires the use of a wheelchair or

3   prosthetic limbs, or other mobility assistive devices for mobility and is unable to

4   use portions of public facilities which are not accessible to disabled persons,

5   including those who require the use of a wheelchair.  Plaintiff was denied his

6   rights to full and equal access at these facilities, and was denied his civil rights

7   under both California law and federal law, because these facilities were not, and

8   are not now, properly accessible to physically disabled persons, including those

9   who use wheelchairs.  Plaintiff seeks injunctive relief to require defendants to

10  make these facilities accessible to disabled persons and to ensure that any

11  disabled person who attempts to use the Sizzler Restaurant (hereinafter sometimes

12  "Restaurant"), will be provided accessible facilities.  Plaintiff also seeks recovery

13  of damages for his physical, mental and emotional injuries, and his discriminatory

14  experiences and denial of access and of civil rights, which denial is continuing as

15  a result of defendants' failure and refusal to provide disabled accessible facilities.

16  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation

17  expenses and costs, under federal and state law.

18       2.       **JURISDICTION:**  This Court has jurisdiction of this action

19  pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act

20  of 1990, 42 USC §§ 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and

21  related causes of action arising from the same facts are also brought under

22  California law, including but not limited to violations of Health & Safety Code

23  §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55; and Title

24  24 California Code of Regulations.

25       3.       **VENUE:**  Venue is proper in this court pursuant to 28 USC

26  § 1391(b) and is founded on the fact that the real property which is the subject of

27  this action is located in this district and that plaintiff's causes of action arose in

28  this district.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -2-          S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

4.    **INTRADISTRICT:**  This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

5.    **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk and requires use of a wheelchair or other mobility assistive device, including prosthetics, to assist him with locomotion.   Defendants MAJOR CONCEPTS, INC. dba SIZZLER; RICHARD MOYER; MARY MOYER; SIZZLER USA, INC.; and DOES 1-10, Inclusive, are the owners, operators, lessors, and lessees of the business, property, buildings, and/or portions thereof located at 1501 Trancas Street, Napa, California.  This Restaurant, its restrooms, paths of travel, dining areas and parking facilities, are each a "public accommodation" and part of a "business establishment," subject to the requirements of multiple categories of § 301(7) of the Americans with Disabilities Act of 1990, of California Health & Safety Code §§ 19953 *et seq.*, of California Civil Code §§ 51 *et seq.*, and of California Civil Code §§ 54 *et seq*.  On information and belief, this Restaurant and its facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq.*, and, as to alterations since January 26, 1993, to the disabled access requirements of § 303 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990, as defined by ADA § 301(9).

6.    The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -3-                    S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1  fictitious names.  Plaintiff is informed and believes that each of the defendants

2  herein designated as a Doe is legally responsible in some manner for the events

3  and happenings herein referred to and caused injury and damages proximately

4  thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to

5  show such true names and capacities when the same have been ascertained.

6          7.      Defendants MAJOR CONCEPTS, INC. dba SIZZLER; RICHARD

7  MOYER; MARY MOYER; SIZZLER USA, INC.; and DOES 1-10, Inclusive, are

8  and were the owners, operators, lessors and lessees of the subject business,

9  property and/or building at all times relevant to this Complaint.  Plaintiff is

10  informed and believes that each of the defendants herein is the agent, employee or

11  representative of each of the other defendants, and performed all acts and

12  omissions stated herein within the scope of such agency or employment or

13  representative capacity, and is responsible in some manner for the acts and

14  omissions of the other defendants in proximately causing the damages

15  complained of herein.

16

17  **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
    **FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
18  **IN A PUBLIC ACCOMMODATION**
    **(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**
19

20          8.      Plaintiff repleads and incorporates by reference, as if fully set forth

21  again herein, the factual allegations contained in Paragraphs 1 through 7, above,

22  and incorporates them herein by reference as if separately repled hereafter.

23          9.      Plaintiff Jeff Stivers and other similarly situated physically disabled

24  persons, including those who require the use of a wheelchair, are unable to use

25  public facilities on a "full and equal" basis unless each such facility is in

26  compliance with the provisions of California Health & Safety Code §§ 19955 *et*

27  *seq.*  Plaintiff is a member of that portion of the public whose rights are protected

28  by the provisions of Health & Safety Code §§ 19955 *et seq.*

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -4-          S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

10.     Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code."  On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the subject Restaurant.   The code relating to such public accommodations also requires that "When sanitary facilities are made available for the public, clients, or employees... they shall be made available for persons with disabilities."  Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect.  Further, plaintiff alleges that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of the Restaurant, also occurred between July 1, 1970 and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450 *et seq*.

11.     **FACTUAL STATEMENT:**     At all times mentioned herein, plaintiff Jeff Stivers was and is a qualified disabled person due to amputation of both lower limbs.  His disabilities require him to use a wheelchair for mobility. On or about April 10, 2011, plaintiff Jeff Stivers visited the Sizzler Restaurant, 1501 Trancas Street, Napa, California, to have a meal.  He was driven to the Restaurant by his female companion in his disabled licensed van, and was finally

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -5-          S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1  able to find an "accessible" parking space despite the lack of required signage and
2  lack of an designated "van accessible" parking. After his meal plaintiff required
3  use of the restroom.  However, he discovered that there was a narrow entry door
4  to the restroom vestibule, and that once he managed to enter the men's restroom
5  (through an excessively narrow doorway), he found that he could not enter and
6  use the toilet stall due to the narrow stall door, narrow stall, and lack of safety
7  grab bars.  While trying to use the restroom stall, plaintiff suffered a humiliating
8  bodily functions accident and soiled himself.  He had great difficulty exiting from
9  the restroom vestibule, as it had only three inches of "strike edge clearance" - far
10 less than the required 18 inch minimum - nearly trapping plaintiff and making his
11 exit extremely difficult in his wheelchair.  The restroom also failed to have proper
12 toilet or sink facilities that could be used by any patron who requires use of a
13 wheelchair.  Embarrassed, humiliated, emotionally upset, and in physical
14 discomfort, plaintiff told his female companion that they had to leave and travel
15 home to wash himself and change his soiled clothes.  The architectural barriers
16 encountered by plaintiff denied him accessible facilities, and caused him
17 difficulty, discomfort and embarrassment.  Plaintiff suffered physical, mental and
18 emotional damages, all to his general, statutory and treble damages, according to
19 proof.

20      12.    On information and belief, at the time of the above-described
21 incidents, and continuing to the present, the access barriers at the Sizzler also
22 included but were not limited to the lack of proper accessible parking, including
23 the lack of required signage and "van-accessible" parking, seating, interior paths
24 of travel, an inaccessible side entrance, improper entry door and landing, and
25 improperly high counters and cash register.  Additionally, on information and
26 belief, the women's restroom is also inaccessible and should be made fully
27 accessible.

28      13.    Further, on information and belief, and based on preliminary

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -6-                S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1   investigation by plaintiff's representatives, the premises were also illegally

2   inaccessible in multiple other respects.  These barriers to access are listed without

3   prejudice to plaintiff citing additional barriers to access after inspection by

4   plaintiff's access consultant, per the 9th Circuit's standing standards under <u>Doran</u>

5   <u>v. 7-Eleven, Inc.</u> 524 F.3d 1034 (9th Cir. 2008).  All of these barriers to access

6   render the premises inaccessible to and unuseable by physically disabled persons.

7   All facilities must be brought into compliance with all applicable federal and state

8   code requirements, according to proof.

9        14.   Further, each and every violation of the Americans With Disabilities

10  Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are

11  repled and incorporated herein, word for word, as if separately repled), also

12  constitutes a separate and distinct violation of  California Civil Code § 54(c), thus

13  independently justifying an award of damages and injunctive relief pursuant to

14  California law, including but not limited to Civil Code §§ 54.3 and 55.

15       15.   Further, each and every violation of the Americans With Disabilities

16  Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are

17  repled and incorporated herein, word for word, as if separately repled), also

18  constitutes a separate and distinct violation of California Civil Code § 54.1(d),

19  thus independently justifying an award of damages and injunctive relief pursuant

20  to California law, including but not limited to Civil Code §§ 54.3 and 55.

21       16.   **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit

22  the acts and omissions of defendants as complained of herein which are

23  continuing on a day-to-day basis and which have the effect of wrongfully

24  excluding plaintiff and other members of the public who are physically disabled,

25  including but not limited to wheelchair users, from full and equal access to these

26  public facilities.  Such acts and omissions are the cause of humiliation and mental

27  and emotional suffering of plaintiff in that these actions and omissions have

28  already caused plaintiff major difficulty, discomfort and embarrassment, and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -7-        S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1  presently continue to treat plaintiff as an inferior and second class citizen and

2  serve to discriminate against him on the sole basis that he is a person with

3  disabilities who requires the use of a wheelchair for movement in public places.

4  Plaintiff is unable, so long as such acts and omissions of defendants continue, to

5  achieve equal access to and use of these public facilities, and cannot return to use

6  this Restaurant and its facilities until they are made properly accessible to

7  disabled persons.  Plaintiff alleges that he intends to do so, once legally required

8  access has been provided.  The acts of defendants have proximately caused and

9  will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

10  Plaintiff seeks injunctive relief as to all areas of the premises that he personally

11  encountered.  Further, as to all areas identified before or during this litigation by

12  plaintiff's access consultant, that plaintiff or other physically disabled persons

13  may encounter in the future (under the 9th Circuit's holding in Doran v. 7-Eleven,

14  Inc. 524 F.3d 1034 (9th Cir. 2008)), plaintiff prays leave to amend this complaint

15  to obtain full injunctive relief.  As to those of the defendants that currently own,

16  operate, and/or lease (from or to) the subject Restaurant, plaintiff seeks

17  preliminary and permanent injunctive relief to enjoin and eliminate the

18  discriminatory practices and barriers that deny equal access for disabled persons,

19  and for reasonable statutory attorney fees, litigation expenses and costs.

20        17.    Wherefore plaintiff asks this Court to preliminarily and permanently

21  enjoin any continuing refusal by defendants to grant full and equal access to

22  plaintiff in the respects complained of and to require defendants to comply

23  forthwith with the applicable statutory requirements relating to access for disabled

24  persons.  Such injunctive relief is provided by California Health & Safety Code

25  § 19953 and California Civil Code § 55, and other law.  Plaintiff further requests

26  that the Court award damages pursuant to Civil Code § 54.3 and other law and

27  attorney fees, litigation expenses, and costs  pursuant to Health & Safety Code

28  § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-          S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1   law, all as hereinafter prayed for.

2       18.   **DAMAGES:**  As a result of the denial of equal access to the facility

3   and due to the acts and omissions of defendants and each of them in owning,

4   operating, leasing, constructing, altering, and maintaining the subject facility,

5   plaintiff suffered a violation of his civil rights, including but not limited to rights

6   under Civil Code §§ 54 and 54.1, and suffered difficulty, discomfort and

7   embarrassment, physical, mental and emotional personal injuries, all to his

8   damages per Civil Code § 54.3, including general and statutory damages, and

9   treble damages, as hereinafter stated.  Defendants' actions and omissions to act

10  constitute discrimination against plaintiff on the sole basis that he was and is

11  physically disabled and unable, because of the architectural and other barriers

12  created and/or maintained by the defendants in violation of the subject laws, to

13  use the public facilities on a full and equal basis as other persons.

14      19.   **TREBLE DAMAGES -** Plaintiff has been damaged by defendants'

15  wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1,

16  and 54.3.  At all times herein mentioned, defendants were fully aware that

17  significant numbers of potential users of their public facilities are and will be

18  physically disabled persons.  On information and belief, many disabled persons,

19  including senior citizens and persons who use wheelchair and/or "walkers" and

20  require accessible facilities, are among the patrons of this Restaurant.  Further

21  defendants knew and know that these physically disabled Restaurant patrons,

22  including wheelchair users and other mobility-impaired persons, would have need

23  of facilities that complied with California Title 24 and ADAAG standards for

24  accessible facilities.  On information and belief, prior to plaintiff's experiences

25  other disabled persons had complained to defendants about the lack of wheelchair

26  access to the Restaurant, particularly about the inaccessible restrooms.

27      20.   On information and belief, defendant Sizzler USA, Inc., and Does 5-

28  10 had previously been sued for ADA access violations at other Sizzler restaurant

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -9-          S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1   locations, but failed to properly conduct access surveys at its restaurants to ensure

2   that this and other "Sizzler" restaurants were made properly accessible for

3   physically disabled patrons.

4        21.    Despite this knowledge, defendants continued to maintain the

5   physical barriers complained of by plaintiff Jeff Stivers at the subject Sizzler

6   Restaurant, 1501 Trancas Street, Napa, California, failed and refused to remove

7   these barriers to access despite the barrier removal requirements of the ADA and

8   California law, and have failed to provide properly accessible facilities, including

9   accessible restrooms, according to proof.  Defendants have continued their illegal

10  and discriminatory policies and practices despite actual knowledge that people

11  with physical mobility disabilities, including plaintiff, attempt to patronize the

12  subject Restaurant and encounter illegal barriers when they do so.

13       22.    At all times herein mentioned, defendants knew, or in the exercise of

14  reasonable diligence should have known, that their barriers and practices at their

15  subject facilities violated disabled access requirements and standards, and had a

16  discriminatory affect upon plaintiff and upon other physically disabled persons,

17  but defendants have refused to rectify the violations, and presently continue a

18  course of conduct in maintaining architectural barriers that discriminate against

19  plaintiff and similarly situated disabled persons. An award of treble damages per

20  California Civil Code § 54.3 against all defendants would be appropriate.

21       23.    **FEES AND COSTS:**  As a result of defendants' acts, omissions, and

22  conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

23  costs as provided by statute, in order to enforce plaintiff's rights and to enforce

24  provisions of the law protecting access for disabled persons and prohibiting

25  discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

26  reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions

27  of Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953.

28  Additionally, plaintiff's lawsuit is intended to require that defendants make their

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -10-     S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1   facilities accessible to all disabled members of the public, justifying "public

2   interest" attorney fees, litigation expenses and costs pursuant to the provisions of

3   California Code of Civil Procedure § 1021.5 and other applicable law.

4           WHEREFORE, plaintiff prays for damages and injunctive relief as

5   hereinafter stated.

6

7                           **SECOND CAUSE OF ACTION:**
    **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT,**
8   **CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH**
                **DISABILITIES ACT AS INCORPORATED**
9                   **BY CIVIL CODE SECTION 51(f)**

10          24.    Plaintiff repleads and incorporates by reference, as if fully set forth

11  hereafter, the factual allegations contained in Paragraphs 1 through 23 of this

12  Complaint and incorporates them herein.

13          25.    At all times relevant to this complaint, California Civil Code § 51

14  has provided that physically disabled persons are free and equal citizens of the

15  state, regardless of medical condition or disability:

16          All persons within the jurisdiction of this state are free and equal,
            and no matter what their sex, race, color, religion, ancestry, national
17          origin, disability, or medical condition are entitled to the full and
            equal accommodations, advantages, facilities, privileges, or services
18          in all business establishments of every kind whatsoever.
            Cal. Civ. C. § 51(b).
19

20          26.    California Civil Code § 52 provides that the discrimination by

21  defendants against plaintiff on the basis of his disability constitutes a violation of

22  the general anti-discrimination provision of §§ 51 and 52.

23          27.    Defendants' discrimination constitutes a separate and distinct

24  violation of California Civil Code § 52, which provides that:

25          Whoever denies, aids or incites a denial, or makes any discrimination
            or distinction contrary to section 51, 51.5, or 51.6 is liable for each
26          and every offense for the actual damages, and any amount that may
            be determined by a jury, or a court sitting without a jury, up to a
27          maximum of three times the amount of actual damage but in no case
            less than four thousand dollars ($4,000), and any attorney's fees that
28          may be determined by the court in addition thereto, suffered by any

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -11-          S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1   person denied the rights provided in Section 51, 51.5, or 51.6.

2       28.    Any violation of the Americans With Disabilities Act of 1990 (as

3   pled in the Third Cause of Action) constitutes a violation of California Civil Code

4   § 51(f) thus independently justifying an award of damages and injunctive relief

5   pursuant to California law.  Per § 51(f), "A violation of the right of any individual

6   under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall

7   also constitute a violation of this section."

8       29.    The actions and omissions of defendants as herein alleged constitute

9   a denial of access to and use of the described public facilities by physically

10   disabled persons within the meaning of California Civil Code §§ 51 and 52.  As a

11   proximate result of defendants' action and omissions, defendants have

12   discriminated against plaintiff in violation of Civil Code §§ 51 and  52, and are

13   responsible for statutory, compensatory and treble damages to plaintiff, according

14   to proof.

15       30.    **FEES AND COSTS:**  As a result of defendants' acts, omissions and

16   conduct, plaintiff has been required to incur attorney fees, litigation expenses and

17   costs as provided by statute in order to enforce plaintiff's rights and to enforce

18   provisions of the law protecting access for disabled persons and prohibiting

19   discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

20   reasonable attorney fees, litigation expenses and costs pursuant to the provisions

21   of California Civil Code §§ 51 and 52.  Additionally, plaintiff's lawsuit is

22   intended to require that defendants make their facilities and policies accessible to

23   all disabled members of the public, justifying "public interest" attorney fees,

24   litigation expenses and costs pursuant to the provisions of California Code of

25   Civil Procedure § 1021.5 and other applicable law.

26       Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

27   //

28   //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq.***

2

3    31.    Plaintiff repleads and incorporates by reference, as if fully set forth

4  again herein, the allegations contained in  Paragraphs 1 through 30 of this

5  Complaint, and incorporates them herein as if separately repled.

6    32.    In 1990 the United States Congress made findings that laws were

7  needed to more fully protect "some 43,000,000 Americans [with] one or more

8  physical or mental disabilities;" that "historically, society has tended to isolate

9  and segregate individuals with disabilities;" that "such forms of discrimination

10  against individuals with disabilities continue to be a serious and pervasive social

11  problem;" that "the Nation's proper goals regarding individuals with disabilities

12  are to assure equality of opportunity, full participation, independent living, and

13  economic self-sufficiency for such individuals;" and that "the continuing

14  existence of unfair and unnecessary discrimination and prejudice denies people

15  with disabilities the opportunity to compete on an equal basis and to pursue those

16  opportunities for which our free society is justifiably famous..." [42 USC §12101]

17    33.    In passing the Americans with Disabilities Act of 1990 (hereinafter

18  "ADA"), Congress stated as its purpose:

19     It is the purpose of this Act

20     (1) to provide a clear and comprehensive national mandate for the
       elimination of discrimination against individuals with disabilities;

21

22     (2) to provide clear, strong, consistent, enforceable standards addressing
       discrimination against individuals with disabilities;

23     (3) to ensure that the Federal Government plays a central role in enforcing
       the standards established in this Act on behalf of individuals with

24     disabilities; and

25     (4) to invoke the sweep of congressional authority, including the power to
       enforce the fourteenth amendment and to regulate commerce, in order to

26     address the major areas of discrimination faced day-to-day by people with
       disabilities.

27

   42 USC § 12101(b).

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -13-          S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

34.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "restaurant, bar, or other sales or rental establishment serving food or drink," § 301(7)(B).

35.     The ADA clearly states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.   The specific statutory prohibitions against discrimination included, but were not limited to the following:

§ 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 302(b)(2)(A)(iii):  "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -14-                    S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1    barriers that are structural in nature, in existing facilities... where such removal is

2    readily achievable;"

3    § 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

4    under clause (iv) is not readily achievable, a failure to make such goods, services,

5    facilities, privileges, advantages, or accommodations available through

6    alternative methods if such methods are readily achievable."

7           The acts and omissions of defendants set forth herein were in

8    violation of plaintiff's rights under the ADA and the regulations promulgated

9    thereunder, 28 CFR Part 36 *et seq*.

10          36.    The removal of each of the barriers complained of by plaintiff as

11   hereinabove alleged, were at all times herein mentioned "readily achievable"

12   under the standards of §§ 301(9) and 302 of the ADA.  As noted hereinabove,

13   removal of each and every one of the architectural barriers complained of herein

14   were also required under California law.  Further, alterations, structural repairs

15   and/or additions since January 26, 1993, have also independently triggered

16   requirements for removal of barriers to access for disabled persons per § 303 of

17   the ADA.

18          37.    On information and belief, as of the date of plaintiff's encounter at

19   the premises and as of the filing of this Complaint, the premises have denied and

20   continue to deny full and equal access to plaintiff and to other disabled persons,

21   including wheelchair users, in other respects, which violate plaintiff's rights to

22   full and equal access and which discriminate against plaintiff on the basis of his

23   disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the

24   goods, services, facilities, privileges, advantages and accommodations, in

25   violation of §§ 302 and 303 of the ADA.  42 USC §§ 12182 and 12183.

26          38.    On information and belief, defendants have continued to violate the

27   law and deny the rights of plaintiff and other disabled persons access to this

28   public accommodation since on or before plaintiff's encounters, as previously

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -15-          S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1    noted.  Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to

2    the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964,

3    42 USC 2000(a)-3(a), as plaintiff is "a qualified" disabled person who is being

4    subjected to discrimination on the basis of disability in violation of the ADA and

5    has reasonable grounds for believing that he is about to be subjected to

6    discrimination should he return to the subject premises.  Pursuant to § 308(a)(2),

7    "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall

8    include an order to alter facilities to make such facilities readily accessible to and

9    usable by individuals with disabilities to the extent required by this title."

10        WHEREFORE, plaintiff prays for damages and injunctive relief as

11   hereinafter stated.

12

13                          **PRAYER**

14        Plaintiff prays that this Court:

15        1.    Issue a preliminary and permanent injunction directing defendants as

16   current owners, operators, lessors, and/or lessees of the subject property and

17   premises to modify the above described property and premises and related

18   facilities to provide full and equal access to all persons, including persons with

19   physical disabilities; and issue a preliminary and permanent injunction pursuant

20   to ADA § 308(a) and state law directing defendants to provide facilities usable by

21   plaintiff and similarly situated persons with disabilities, and which provide full

22   and equal access, as required by law; and to train defendants' employees and

23   agents in how to recognize disabled persons and accommodate their rights and

24   needs.

25        2.    Retain jurisdiction over the defendants until such time as the Court is

26   satisfied that defendants' unlawful policies, practices, acts and omissions, and

27   maintenance of physically inaccessible public facilities as complained of herein

28   no longer occur, and can not recur;

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -16-        S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd

1      3.      Award to plaintiff all appropriate damages, including but not limited
2 to statutory damages, general damages, and treble damages in amounts within the
3 jurisdiction of the Court, all according to proof;

4      4.      Award to plaintiff all reasonable statutory attorney fees, litigation
5 expenses, and costs of this proceeding as provided by law;

6      5.      Award prejudgment interest pursuant to Civil Code § 3291; and

7      6.      Grant such other and further relief as this Court may deem just and
8 proper.

9

10 Dated: June 10, 2011          LAW OFFICES OF PAUL L. REIN

11

12                /s/ Paul L. Rein
13                By PAUL L. REIN
                 Attorneys for Plaintiff
14                JEFF STIVERS

15

16

17               **DEMAND FOR JURY**

18      Plaintiff hereby demands a jury for all claims for which a jury is
19 permitted.

20

21 Dated: June 10, 2011          LAW OFFICES OF PAUL L. REIN

22

23                /s/ Paul L. Rein
                 By PAUL L. REIN
24                Attorneys for Plaintiff
25                JEFF STIVERS

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -17-            S:\CASES\S\SIZZLER\PLEADINGS\SIZZLER.CMP.wpd